## MERRIAM et al. v. HOLLOWAY PUB. CO.

## SAME v. DAN LINAHAN PUB. CO.

## SAME v. FRANK et al.

(Circuit Court, E. D. Missouri, E. D.   September 26, 1890.)

1. TRADE-MARKS—INJUNCTION—PLEADING—DEMURRER.
    The complaint alleged that defendants had appropriated, and were using on their advertisements, circulars, letter heads, etc., relating to their publication, the device of an open book which complainants had, theretofore, been in the habit of using for like purposes; that defendants used the words "Webster's Dictionary" placed in the same relation to their publication that complainants place it; that the date of defendants' publication on the title-page was given as of the year 1890, when, in fact, the book was a reprint or photolithographic copy of the edition of 1847. *Held* that, as there might be some evidence of a fraudulent intent on defendants' part to get the benefit of the reputation of the edition of Webster's Dictionary published by complainants, and as the public might possibly be deceived to complainants' damage in consequence of the facts averred, a demurrer to the complaint would be overruled.

2. SAME—WHAT WILL BE PROTECTED—WEBSTER'S DICTIONARY.
    The copyright of Webster's Dictionary having expired, no one has any special property in the title.

3. EQUITY—PLEADINGS—DEMURRER.
    A demurrer to a whole bill must be overruled if the bill taken altogether entitles complainant to some kind of relief.

In Equity.   On demurrer to bills.

*Charles N. Judson* and *Judson & Reyburn,* for complainants.

*James H. Peirce* and *Paul Bakewell,* for defendants.

MILLER, Justice, (*orally.*)   We have the same difficulty in these cases in regard to the Webster's Dictionary controversy that we had in the case of *Stephens* v. *Overstolz, post,* 465, (just decided.)   The difficulty is that the parties demur to the whole bill, and of course if there is any one thing in the bill that is good,—that is to say, if the bill taken altogether entitles the complainant to some kind of relief,—the demurrer should be overruled.   If a party in chancery or in a law case wants to demur to a particular part of a bill or declaration, he should not frame his demurrer as is done in this instance, so as to call the whole bill in question.

I am not clear but what there may be a right of action growing out of the alleged fact that the defendants have appropriated the device of an open book, which device the complainants have hitherto been in the habit of using on their advertisements, circulars, letter heads, etc.   This device of the open book, as we understand it, is also used by the defendants on their letter heads, circulars, etc.   That device so appropriated by defendants may not be a trade-mark; but I can see no good reason, no honest reason, why the defendants should use the same mark or device on their letter heads, advertisements, and circulars, which the complainants are using.   It looks as though there might be enough in this fact stated in the bill, to prevent the court from sustaining a general de-

murrer. It may be necessary to ascertain, by taking proof, whether the use of the device in question in fact operates to deceive people, by leading them to suppose that the Webster's Dictionary sold by the defendants is printed and put on the market by complainants, and whether the adoption of the device in question by the defendants was intended to have that effect.

I want to say, however, with reference to the main issue in the case, that it occurs to me that this proceeding is an attempt to establish the doctrine that a party who has had the copyright of a book until it has expired, may continue that monopoly indefinitely, under the pretense that it is protected by a trade-mark, or something of that sort. I do not believe in any such doctrine, nor do my associates. When a man takes out a copyright, for any of his writings or works, he impliedly agrees that, at the expiration of that copyright, such writings or works shall go to the public and become public property. I may be the first to announce that doctrine, but I announce it without any hesitation. If a man is entitled to an extension of his copyright, he may obtain it by the mode pointed out by law. The law provides a method of obtaining such extension. The copyright law gives an author or proprietor a monopoly of the sale of his writings for a definite period, but the grant of a monopoly implies that, after the monopoly has expired, the public shall be entitled ever afterwards to the unrestricted use of the book.

There is some hesitation among my brethren and myself, as above indicated, whether, taking the bill as a whole, and considering all of its averments, a general demurrer ought to be sustained. The defendants use the words "Webster's Dictionary" or "Webster's Unabridged Dictionary," placed in the same relation to their publication that the complainants place it. The date of defendants' publication on the title-page is given as of the year 1890, when, in point of fact, the book that they are publishing is a reprint or a photolithographic copy of the edition of Webster's Dictionary of 1847. The defendants also use the device of an open book on advertisements and circulars, relating to their publication, as before alluded to. Now, taking all of these allegations together, there may be some evidence of a fraudulent intent on defendants' part to get the benefit of the reputation of the edition of Webster's Dictionary which the complainants are publishing, and it may possibly be that, in consequence of the facts averred, the public are deceived, and that the complainants are damaged to some extent. We think, therefore, that this is one of those cases where, as the facts are stated in the complaint, the interests of justice would be best subserved by requiring the defendants to answer, so that there may be a full and fair investigation of the law and facts upon a final hearing.

The demurrer in this case, as we understand it, is not to special portions of the bill or particular allegations, but goes to the whole bill, and asserts that it contains no averments warranting equitable relief of any sort. We are unable, at this time, to fully assent to that view; but, at the same time, we do not wish to be understood as declaring definitely that the complainant is entitled to equitable relief. I will say this, how-

ever, that the contention that complainants have any special property in "Webster's Dictionary" is all nonsense, since the copyright has expired. What do they mean by the expression "their book," when they speak of Webster's Dictionary? It may be their book if they have bought it, as a copy of Webster's Dictionary is my book if I have bought it. But in no other sense than that last indicated can the complainants say of Webster's Dictionary that it is their book.

It does not appear that the complainants have asked for a preliminary injunction in this case, and we have less reluctance, on that account, in overruling the demurrer. The case is not one in which we would grant a preliminary injunction, if one was asked, on the present showing.