E. T. FAIRBANKS & CO. v. DES MOINES SCALE & MANUFACTURING CO.

(Circuit Court, S. D. Iowa, C. D.    September 12, 1899.)

No. 2,372.

1. EQUITY PRACTICE—HEARING OF EXCEPTIONS TO PLEADING.

Where, in a suit to enjoin the infringement of a trade-mark and unfair competition, the purpose and effect of defendant's acts complained of are not clear on the pleadings, and can better be determined after a hearing on the merits, the disposition of issues raised by exceptions to the answer will be deferred until a hearing is had.

2. TRADE-MARKS—SUIT FOR INFRINGEMENT—PRELIMINARY INJUNCTION.

Where it appears that complainant had knowledge of the alleged infringement of its rights by defendant for many years before suit was brought, the case made by the bill is fully met by the answer, and no showing of defendant's insolvency is made, a preliminary injunction will not be granted.  -

In Equity.    On exceptions to answer, and application for preliminary injunction.

M. H. Beach, for plaintiff.
St. John & Stevenson, for defendant.

WOOLSON, District Judge.    These matters were submitted in June.    Earlier decision has been prevented by illness, the consequent accumulation of official business, much of which would not permit of delay, and the steady and heavy pressure of the large amount of labor under the recent bankruptcy statute.    Counsel on either side have favored the court with a large array of authorities. These have been carefully considered, with the possible view of practically deciding this suit under the full and unusually clear pleadings filed.    But after consulting these cited cases, and giving the matters pretty full consideration, it has seemed to me but just to the parties, and desirable for the court, to take the action hereinafter stated.

1. As to the exceptions filed:    The bill exhibits the trade-marks on its weighing scales, registered by plaintiff in 1878 and 1893.    It recites the progress of plaintiff's increasing business since its commencement in 1838, and that the word "Fairbanks," sometimes associated with the word "Patent" or the word "Standard," has to the public become the indicia of manufacture of such scales by plaintiff; that defendant is using such words, simulating in their manner of use such words as long used by plaintiff, and thereby deceiving the public, and preventing, to the extent of defendant's sales thereof, the sale of scales made by plaintiff, to plaintiff's great damage, with prayer for injunction.    The answer largely admits the acts by defendant performed as charged in bill, but denies intent to injure or

that it has by wrongful acts injured plaintiff; affirms that, at termination of patents issued to plaintiff, the patented invention as to scales was, thrown open to the public; that during the period of validity of such patents said scales received in the commercial world, and were known by the generic name of "Fairbanks" scales, such being the name by plaintiff given to such scales; that such term was recognized by the commercial world generally as defining the kind of scale which had been covered by the patent to plaintiff, as contradistinguished from scales patented to or manufactured by other and rival scale manufacturers, and that defendant, in using such term, used it as distinguishing the scales manufactured by it, viz. as being of the type which had theretofore been manufactured under said Fairbanks patents, but that on each scale by it manufactured, whereon appeared the word "Fairbanks," defendant had caused to be placed, in prominent lettering, the statement that such scale had been manufactured by defendant, the manner of the statement thereof being such as that no person had been or would be deceived into believing that such scale had been manufactured by plaintiff; that the words "U. S. Standard," placed by defendant on its scales were designed to mean, and was by the commercial world and the public generally understood to mean, that such scale had been tested, as to its accuracy of weighing, according to the United States standard of weights and measures, and was of that degree of accuracy. The answer traverses each allegation of the bill which charges on part of defendant intent to injure or actual injury to plaintiff by acts of defendant, and attempts to base its defense as to its claim of nonliability, and its allegation of plaintiff's lack of cause of action, substantially, on the doctrine announced in Singer Mfg. Co. v. June Mfg. Co., 163 U. S. 169, 16 Sup. Ct. 1002. Without attempting complete specification of bill or answer, the general lines of the pleadings are stated above. I have considered the exceptions filed by plaintiff to the answer of defendant; and, with reference to the answer as attacked by such exceptions, the general language used by Justice Miller in Merriam v. Publishing Co., 43 Fed. 450, 451, with regard to a full hearing as to the facts, I deem peculiarly applicable, although there applied when answer had not been filed:

"Now, taking all these allegations together, there may be some evidence of a fraudulent intent on defendant's part to get the benefit of the reputation of [Fairbanks scales], which the plaintiff is [manufacturing], and it may be that, in consequence of the facts averred, the public are deceived, and that the complainants are damaged to some extent. We think, therefore, that this is one of those cases where, as the facts are stated in the complaint, the interests of justice would be best subserved by requiring the defendants to [reply], so that there may be a full and fair investigation of the law and facts upon a final hearing."

With the evidence or agreed statement of facts before the court, opportunity will then be afforded for a much more satisfactory determination of the issues raised by the exceptions filed than can now be done.

2. As to application for preliminary injunction: The defendant strenuously insists that (1) the laches shown on plaintiff's part should defeat any right, if otherwise existing, to such writ; (2) that,

on the merits, plaintiff is not entitled to such writ, defendant having fully answered under oath as to the issues tendered in bill.

As to laches: The proof tendered by affidavit shows that for some 18 years these scales, as now manufactured by defendant, have been manufactured in Des Moines; that during a good portion of that time the agents and salesmen of defendant have come into close competition with salesmen of plaintiff; that during all that time the lettering on the Des Moines made scales has been substantially as the same is now, with regard to the words "Fairbanks," "Fairbanks Patent," and "Fairbanks Standard" appearing on the scales manufactured by plaintiff, and shown by Exhibit A to plaintiff's petition; that such scales have been sold, set up and used in Des Moines and the general surrounding vicinity; that in the fall of 1894 correspondence passed between defendant and their counsel and agents and counsel for Fairbanks, Morse & Co., of Chicago, who are alleged to have then been acting as general Western agents for plaintiff, with regard, among other things, to the use by defendant of the words "Fairbanks," "Fairbanks Patent," etc., on scales made by defendant, and that such correspondence extended over some months, and terminated with the assertion by defendant of their right to use, and intention to continue using, such words on the scales by them manufactured; and that since that date to the present, save by the filing of present bill in February of this year, and matters in this suit transpiring, no action has ever been taken by plaintiff to enforce its asserted rights as against defendant's alleged wrongful appropriation of the words above copied. No attempt is made to explain why this delay occurred after the general Western agents of plaintiff were advised of the said use by defendant of such words.

No allegation or showing is made as to any insolvency of defendant, and no showing of irreparable injury to plaintiff as liable to occur during pendency of present suit, nor that the output of defendant's works is so great as materially to affect the market, as against plaintiff's scales, meanwhile. The preliminary writ should not issue without strong showing therefor, especially where the right to relief prayed is squarely put in issue, and result not clear beyond question on the pleadings, and where its issuance would tend to disturb the established and long-continued business of a manufacturing firm.

On the entire case as presented, without in any wise indicating what might be the judgment of the court were the case finally submitted on the pleadings now on file, I do not find such a state of facts shown as to justify this court in ordering preliminary writ to issue. Apparently, the facts involved in this suit will not be many, and very few of them contested. An early submission of the case on its merits can be had, and the present action of the court will not long delay the relief of injunction, if, on the whole case, plaintiff is entitled thereto. The exceptions to the answer are overruled (but leaving the matter therein contained to be renewed, without prejudice from present ruling, on final hearing, if then pertinent and desired by plaintiff), and application for writ of preliminary injunction is denied, to all of which plaintiff excepts.